UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAN MARIE BABAS,

Plaintiff,

vs. Case No.

HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, HON.

Defendant.

---

Troy W. Haney (P48614)
HANEY LAW OFFICE, P.C.
Attorney for Plaintiff
330 East Fulton Street
Grand Rapids, MI 49503
Telephone: 616-235-2300
Facsimile: 616-459-0137
Email: thaney@troyhaneylaw.com

---

## COMPLAINT

Plaintiff, Jan Marie Babas, by her attorney, Troy W. Haney of Haney Law Office, P.C., and for her complaint against Defendant, Hartford Life and Accident Insurance Company, states as follows:

### Nature of Action and Jurisdiction

1. This is a civil complaint brought by Plaintiff, Jan Marie Babas ("Plaintiff"), under the Employee Retirement Income Security Act ("ERISA"), §502, 29 U.S.C. 1132, regarding breach of the terms of an employee benefit plan and breach of fiduciary duties, for the purpose of compelling Defendant to provide certain disability insurance benefits in amounts and at the coverage levels promised and for an accounting, recovery of damages,

costs, and attorney fees incurred as a consequence of Defendant's breaches of its obligations and duties under ERISA as detailed herein.

2. This Court has subject jurisdiction over Plaintiff's claims pursuant to ERISA §502(e) and (f), 29 U.S.C. 1132(e) and (f) and 28 U.S.C. 1331.

3. Venue properly lies in this District pursuant to ERISA §502(e)(2), 29 U.S.C. 1132(e)(2).

**Parties and General Allegations**

4. At all relevant times, Plaintiff was a participant, as defined by ERISA §3(7), 29 U.S.C. 1002(7), in the "Trinity Health Welfare Benefit Plan Effective 01/01/2010, Participating Member in the Trustees of the Healthcare Benefits Alliance Trust" ("the Plan") provided by "Trinity Health Welfare Benefit Plan Effective 01/01/2010, Participating Member in the Trustees of the Healthcare Benefits Alliance Trust" ("Trinity Health") to its eligible employees, including Plaintiff, administered and funded by an insurance policy issued by the Defendant, Hartford Life and Accident Insurance Company ("Hartford") to Trinity Health, for group disability benefits as group policy no. GLT-696981.

5. At all relevant times, the Plan was an employee welfare benefit plan within the meaning of ERISA §3(1), 29 U.S.C. 1002(1), sponsored by Trinity Health and funded by the above-referenced insurance policy issued by Hartford. As such, Hartford is the proper party to defend this matter and the sole entity responsible for the payment of claimed benefits set forth below.

6. At all relevant times, Defendant was the fiduciary of the Plan within the meaning of ERISA §3(21), 29 U.S.C. 1002(21), in that Defendant acted as a claims administrator and as a fiduciary for the Plan and exercised authority and control over the payment of long term disability "LTD" benefits, which are assets of the Plan. Pursuant to 29 C.F.R. §2560.503-

1(h)(1), Defendant, therefore, functioned as an administrator for claims procedure purposes.

## Facts

7. Plaintiff, Jan Marie Babas, was diagnosed in her teen years with scoliosis. This medical condition has become severe due to degenerative changes in her spine.

8. On March 31, 2003, the Plaintiff became employed full-time by Trinity Health at their Mercy Health Saint Mary's location as a Tumor Registrar.

9. The Plaintiff's diagnosed medical conditions are as follows:

- Bilateral Osteoarthritis of the hips;
- Cervical Radiculopathy;
- Cervical Spondylosis;
- Chronic bilateral low back pain, with sciatica;
- Chronic cough;
- Coccydynia;
- Insomnia, due to pain;
- Intercostal Neuropathy;
- Facet Arthritis;
- Fibromyalgia;
- Lumbar Radiculopathy;
- Lumbar Spondylosis;
- Osteopenia;
- Psoas muscle pain;
- Pyriformis Syndrome;
- Restless Legs Syndrome;
- Sacroiliitis;
- Severe Scoliosis Thoracolumbar;
- Venous insufficiency;
- Vocal cord dysfunction.

10. As a result of her chronic and severe low back pain, the Plaintiff cannot sit and/or stand for any prolonged periods of time. In addition to her low back pain, the Plaintiff has left hip

pain, back spasms, limited range of motion, and left ankle edema. The Plaintiff's pain increases with any activity and after sitting and/or standing for prolonged periods of time. Pain also affects her sleep causing insomnia and daytime fatigue.

11. As a result of these various medical conditions, the overflow of symptomatology, and the associated restrictions and limitations, the Plaintiff's last day of work was on November 5, 2018.

12. In accordance with her employment contract, the Plaintiff applied for long term disability benefits through Hartford.

13. The definition of "Disability or Disabled" within the Plan is as follows:

> means You are prevented from performing one or more of the Essential Duties of:
>
> 1) Your Occupation during the Elimination Period;
>
> 2) Your Occupation, for the 24 month(s) following the Elimination Period, and as a result Your Current Monthly Earnings are less than 80% of Your Indexed Pre-disability Earnings; and
>
> 3) after that, Any Occupation.

14. The definition of "Your Occupation" within the Plan is as follows:

> means Your Occupation as it is recognized in the general workplace. Your Occupation does not mean the specific job You are performing for a specific employer or at a specific location.

15. The definition of "Essential Duty" within the Plan is as follows:

> means a duty that:
>
> 1) is substantial, not incidental;
>
> 2) is fundamental or inherent to the occupation; and
>
> 3) cannot be reasonably omitted or changed.
>
> Your ability to work the number of hours in Your regularly scheduled work week is an Essential Duty.

16. Due to the Plaintiff's multiple medical conditions and the associated symptomology, she qualifies as disabled due the fact that she is prevented from performing the essential duties of her occupation.

17. On May 14, 2019, the Plaintiff's attending physician, Dr. Gregory Hazle, completed an Attending Physician Statement and submitted it to the Defendant. The statement included in part the following:

> **Primary Condition:** Chronic low back pain, with sciatica
> **Secondary Condition(s):** Fibromyalgia, scoliosis
> **Subjective Symptoms:** Low back pain with sciatica nerve pain, pain increases with activity and after sitting for prolonged periods of time.
> **Objective Physical Findings:** Right lumbar region tender to palpitation, knee extension/flexion – unable to assess due to discomfort, visible thoracic dextroscoliosis
>
> **<u>Restrictions/Limitations</u>**
> **Sit:** Intermittently with standard breaks; 1 hour at a time; total of 1 hour within 8-hour period.
> **Stand:** Intermittently with standard breaks; 1 hours at a time; total of 1 hour within 8-hour period.
> **Walk:** Intermittently with standard breaks; 1 hours at a time; total of 1 hour within 8-hour period.
>
> **Bend at waist:** Never / 0 hours.
> **Kneel/crouch:** Never / 0 hours.
> **Climb:** Never / 0 hours.

18. On July 18, 2019, Dr. Hazle completed a questionnaire sent to him from the Defendant. Dr. Hazle's response to the questionnaire included in part,

> For purposes of clarification, would you agree that Ms. Babas was capable of returning to work in a Sedentary capacity as of 5/6/19, since she does not require narcotics for pain control, and no longer treats with Dr. Gostine (Pain Mgmt.)?
>
> **No. Jan is doing better with her continued therapy and visits with Dr. Gostine with treatments, and not attending work, prolonged sitting is what causes increased back pain and cannot work for this reason.**

19. On August 20, 2019 the Defendant issued a letter to Plaintiff informing her that her LTD claim had been denied based on the following decision:

> We considered all of the evidence in your claim file in making our decision. The LTD policy states that benefits are payable if you are Disabled throughout and beyond the policy's Elimination Period. The combined information in your file does not show that you are unable to perform the Essential Duties of Your Occupation on a full time basis as of 11/05/2018. Because of this, we must deny your claim for LTD benefits.

20. Benefits were denied by the Defendant based in part on a medical records review, completed by Dr. Jerald Cook on August 5, 2019, however, Dr. Cook did not conduct a physical examination of the Plaintiff. Dr. Cook's report stated in part:

> Based upon the totality of the evidence provided, the claimant is physically functionally impaired due to pain affecting the lumbar spine. She requires restrictions, and limitations for the following activities, from 11/5/2018 throughout & beyond 5/7/2019 to the present time.
>
> • Lifting and carrying up to 10 pounds occasionally
> • Sitting constantly with the freedom to change positions as needed, up to 7.5 hours per day
> • Standing frequently, with the freedom to change positions as needed, up to 4 hours per day
> • Walking occasionally, with the freedom to change positions as needed, up to 2 hours per day
> • Climbing stairs occasionally, single flight of stairs only
> • Kneeling never
> • Crawling never
> • Bending and stooping never
> • Twisting never
> • Pulling and pushing up to 10 pounds of force occasionally
> • Pulling and pushing of arm or leg controls while seated occasionally
> • Simple grasping constantly
> • Forceful grasping constantly
> • Fine manipulation (includes keyboarding) constantly
> • Reaching above shoulder, non-load bearing, occasionally
> • Reaching at waist, desk or bench level, non-load bearing, constantly
> • Driving occasionally, with the freedom to stop and change positions as needed
>
> The claimant reportedly has chronic low back pain related to scoliosis of the spine. Her pain has been increasing with the development of degenerative changes in the spine, which have been verified by MRI. The claimant has lateral curvature of her spine, and also increased lordosis of lumbar spine, and increased kyphosis of thoracic spine. The claimant has occasional flare ups which may result in increased impairment for several days, but otherwise she is able to function within the restrictions and limitations listed above. She has right sided back and lower extremity pain from scoliosis and pelvic obliquity which may be lifelong problems now manifesting with increased pain.

21. On January 23, 2020 the undersigned appealed Defendant's decision to deny the Plaintiff's LTD claim, providing a multitude of medical records and other supporting documentation.

22. As part of the Plaintiff's appeal was a Vocational Rehabilitation Evaluation by Dr. Robert Ancell, who stated in his January 20, 2020 report in part as follows:

> Her current medications include Paxil, Doxepin for sleep and fibromyalgia, Mirapex for restless leg syndrome, Valium for vocal cord dysfunction, steroid inhaler for coughing and a rescue inhaler - Albuterol. She also stakes Norco for pain. * * *

> Her current symptoms as she describes them are low back pain primarily in the sacrum and back area. She has sciatica, fibromyalgia with some 40 to 50 knots, sleeping difficulties and vocal problems. She indicates that her back pain increases with activity. * * *
>
> Her limitations include her inability to do her former position which at most was a sedentary job. She is limited in her ability to be out and about. – Her best position is lying down. – She was recently sitting in a hard chair at her doctor's office and indicates that for two to three days after she couldn't walk or sit. She had to lay down. She has a lot of flair ups of her problems. – She gets a lot of help from her sister because she has significant difficulties with concentration, focus and multitasking secondary to her medications and her pain. She is also quite isolated. * * *
>
> From a vocational rehabilitation standpoint, Ms. Babas has sustained very significant vocationally limiting problems. From a physical demand standpoint, her job is essentially sedentary sit/stand occupation. The job more importantly requires significant amount of higher level executive functioning. She has to analyze, concentrate, focus and multi task in order to perform complex interrelation understanding for her position. Review of the job description from the Federal government for the Tumor Registrar confirm that this is essentially a sedentary occupation. * * *
>
> Given the limitation she has physically along with the ongoing pain at a moderate to severe level, in light of the fact that we know that the pain can and does affect focus and concentration. Along with the statement of her position indicating that she not only had physical issues but psychological issues and that she was limited from returning to any jobs in the sedentary category, there are no jobs that exist that she can perform.

23. The Plaintiff's appeal also included a Physician Statement of Disability from Dr. Hazle, signed January 21, 2020, and which stated in part:

> Due to her chronic and severe low back pain, Ms. Babas cannot sit and/or stand for any prolonged periods of time. In addition to her low back pain, Ms. Babas has left hip pain, back spasms, limited range of motion, left ankle edema. Ms. Babas' pain increases with any activity and after sitting and/or standing for prolonged periods of time. Activities of daily living are difficult and she requires the use of crutches (as needed) to ambulate. Pain affects her sleep causing Insomnia and daytime fatigue. Ms. Babas most recently consulted with neurosurgeon, Dr. Justin Clark who will be scheduling her for a thoracolumbosacral posterior fixation and fusion with decompression in the relatively near future. * * *
>
> **I have examined Jan Babas in a clinical setting several times and it is my medical opinion that she is totally disabled from her own occupation as a Tumor Registrar and from any full-time occupation at this time.** [Emphasis added].

24. On April 20, 2020, the Defendant advised that it was maintaining the decision to deny Plaintiff's claim for LTD benefits. The letter from the Defendant stated in part,

> We have completed our comprehensive appeal review and determined that the decision to deny your client's LTD benefits was appropriate, and therefore will stand. * * *
>
> …we find that the weight of the medical and vocational evidence supports that Ms. Babas retains the physical and cognitive functionality required to perform the Essential Duties of her sedentary [Your] Occupation on a full time basis. As such, the denial of her claim was appropriate and is upheld on appeal.

25. The Defendant's decision to maintain the denial of the Plaintiff's LTD claim was based in part on a medical records review, completed by Dr. Solomon Rojhani on March 5, 2020, however, it should be noted that Dr. Rojhani did not conduct a physical examination of the Plaintiff.

*26.* In the April 20, 2020 final denial letter from the Defendant it was also advised that the Plaintiff had the "*right under Section 502(a) of ERISA to bring a civil action disputing this adverse benefit decision.*"

27. As a result of her inability to return to work - in any capacity - the Plaintiff applied for Social Security Disability ("SSD") benefits, and for which a decision is still pending.

**COUNT I**
**Claim for Benefits Pursuant to ERISA §502(a)(1)(B), 29 U.S.C. 1132(a)(1)(B) against Defendant**

28. Plaintiff incorporates paragraphs 1 through 27 above as if fully restated herein.

29. ERISA §502(a)(1)(B), 29 U.S.C. 1132(a)(1)(B) permits a plan participant to bring a civil action to recover benefits due to her under the terms of a plan, to enforce her rights under the terms of a plan and/or to clarify her rights to future benefits under the terms of a plan.

30. The failure to pay full disability benefits as described above are in direct violation of the terms of the Plan.

31. The Plan has failed to pay disability benefits to Plaintiff despite the recommendations of her physicians and disabling medical conditions.

32. The failure and refusal of the Plan to pay the benefits owed Plaintiff under the Plan is a breach of the terms and provisions of the Plan.

33. In addition, the Plan has failed to properly and thoroughly investigate Plaintiff's claim in the manner required by ERISA's fiduciary and claims procedure requirements.

34. The actions of the Plan have caused damage to Plaintiff in the form of the denial of long term disability benefits.

35. In addition, because the Plan denied the payment of Plaintiff's long term disability benefits, Plaintiff became ineligible for other benefits provided through her employment such as pension, medical benefits, and the waiver of group life insurance premiums.

## PRAYER FOR RELIEF

Plaintiff requests that this Honorable Court grant the following relief:

A. A declaratory judgment pursuant to ERISA §502(a)(1)(B), 29 U.S.C. 1132 (a)(1)(B) and 28 U.S.C. 2201, declaring that Plaintiff is entitled to the group employee benefits in the proper amounts as set forth in the Plan in effect at the time benefits became payable and that Defendant has violated the Plan and its fiduciary duties by failing to pay these benefits and honor the group waiver of life premium.

B. A full and accurate accounting by Defendant of all computations for Plaintiff's employee benefits, in sufficient detail so that Plaintiff may ascertain that her benefits are being paid in the proper amount.

C. An Order compelling Defendant to pay Plaintiff forthwith the full amount of employee benefits due her and to continue such payments for the period set forth in the Plan, including interest on all unpaid benefits.

D. An Order awarding reasonable attorney fees and costs pursuant to ERISA §502(g)(1), 29 U.S.C. 1132 (g)(1).

E. Such other relief as may be just and appropriate.

Dated: June 3, 2020

*/s/ Troy W. Haney*

Troy W. Haney (P48614)
HANEY LAW OFFICE, P.C.
Attorney for Plaintiff
330 East Fulton Street
Grand Rapids, MI 49503